# 2004 DTA 72

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE SAN JUAN
### PANEL III

WANDA ROSADO, ZAIDA COLLADO, MARIA M. CRUZ RAMOS Y VILMA R. CORREA DE JESUS
Querellantes-Recurrentes

v.

DIRECTORA ADMINISTRATIVA DE LOS TRIBUNALES
Querellada-Recurrida

Núm. KLRA-03-00491

San Juan, Puerto Rico, a 5 de marzo de 2004

Panel integrado por su Presidente, el Juez Ortiz Carrión,
y los Jueces Negroni Cintrón y Segarra Olivero

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Wanda Rosado, Zaida Collado, María M. Cruz Ramos y Vilma R. Correa de Jesús solicitan la revisión de una decisión de la Junta de Personal de la Rama Judicial en la cual se confirma la determinación de la Directora Administrativa de los Tribunales denegándoles el aumento salarial de $100 mensuales que le fue concedido a los empleados de la Rama Judicial en virtud de lo dispuesto en su Memorando Núm. 172 de 9 de enero de 2001 y su Carta Circular Núm. 23 de 10 de enero de 2001. Aunque de manera un tanto confusa, las recurrentes plantean que la Junta de Personal erró al confirmar sumariamente la determinación de la Directora Administrativa, sin dilucidar si la Oficina de Gerencia y Presupuesto, *"OGP"*, tenía autoridad para asignar los fondos públicos que fueron utilizados para concederle tales aumentos a los empleados de la Rama Judicial, y sin dilucidar si al denegarle tales aumentos y concedérselo a otros empleados que fueron nombrados a un puesto equivalente antes del 1ro de febrero de 2000 o después de enero de 2001, constituye un trato discriminatorio. Antes de atender estos planteamientos, hacemos un resumen del trámite procesal y fáctico en que se suscita la controversia.

### I

El 8 de octubre de 2000 se aprobó y entró en vigor la Ley Núm. 410, para la concesión de $100 mensuales de aumento a los empleados públicos del Gobierno Central del Estado Libre Asociado de Puerto Rico que estuvieran vinculados al servicio durante el período comprendido entre el 1ro de febrero de 2000 al 1ro. de enero del 2001, sin distinción de status o categoría, y que no hubieren recibido cualquier tipo de aumento salarial durante dicho período. En el artículo 5 se dispone expresamente que se excluye de la aplicación de esta Ley al Tribunal General de Justicia.

Subsiguientemente, la Ley Núm. 410 fue enmendada mediante la Ley Núm. 431 de 21 de diciembre de 2000 para establecer que los empleados que hubieren recibido cualquier tipo de aumento que no fuere mayor a la cantidad de $100 mensuales, podrán recibir como aumento de sueldo la cantidad equivalente a la diferencia entre el aumento concedido y los $100.

Posteriormente, el 9 de enero de 2001, la Directora Administrativa de los Tribunales emitió el Memorando Núm. 172 en el cual le informa a todo el personal de la Rama Judicial que la Oficina de Gerencia y Presupuesto consignó fondos públicos que permiten que a los empleados de la Rama Judicial se les conceda un aumento equivalente al que le fue otorgado a los empleados del Gobierno Central, y el 10 de enero de 2001 emitió la Carta Circular Núm. 23 del año fiscal 2000-2001 sobre las *"Normas para Tramitar las Acciones de Personal Conforme a la Ley Núm. 410 de 8 de octubre de 2000, según enmendada por la Ley Núm. 431"* donde se establece que *"[e]ste aumento de sueldo se otorgará solamente a los empleados de la Rama Judicial que al 1 de febrero de 2000 estaban vinculados al servicio y que al 1 de enero de 2001 aún estén vinculados al servicio sin distinción de status ni categoría y que no hubieren recibido durante ese período aumento alguno o que a esa fecha hubieren recibido un aumento menor de $100 mensuales."*

Las empleadas Wanda Rosado, Zaida Collado, María M. Cruz Ramos, Norma Roche Rabel, Vilma R. Correa de Jesús, Ilia G. Córdova Nieves y María Rivera Rivera, quienes se desempeñan como Secretarias de Servicios de Sala en el Centro Judicial de San Juan, no recibieron el aumento de $100, por lo que solicitaron a la Directora Administrativa de los Tribunales la concesión del mismo.

Mediante comunicación fechada el 7 de marzo de 2001, la Directora Administrativa informó a cada una de las querellantes que no les corresponde recibir el aumento de $100 mensuales concedido el 1 de enero de 2001, ya que ellas recibieron un aumento el 16 de febrero de 2000 al ser ascendidas a ocupar los puestos de Secretarias de Servicios de Sala, por lo que están excluidas del derecho a recibir el mismo conforme a las condiciones de su autorización.

Inconformes con esta determinación, el 5 de abril de 2001, las empleadas Wanda Rosado, Zaida Collado, María M. Cruz Ramos, Norma Roche Rabel, Vilma R. Correa de Jesús, Ilia G. Córdova Nieves y María Rivera Rivera presentaron una querella ante la Junta de Personal de la Rama Judicial mediante la cual solicitaron que se revisara la denegatoria de la Directora Administrativa de los Tribunales. ■ En la querella plantearon que estaban siendo tratadas de manera desigual por ser nombradas y ascendidas en el período comprendido entre el 1ro de febrero de 2000 y el 1ro de enero de 2001, pues las Secretarias de Servicios de Sala con nombramientos efectivos en enero de 2000 y las nombradas después del 1ro de enero de 2001 reciben un salario más alto, aunque realizan las mismas funciones.

Luego de varios trámites procesales, el 7 de agosto de 2002, la Directora Administrativa presentó una moción para que se dispusiera sumariamente de la querella, pues no había hechos materiales en controversia. Planteó que las querellantes no tienen derecho a recibir el aumento, por no cumplir con los criterios establecidos para su concesión, ya que fueron ascendidas al puesto que ocupan durante el período comprendido entre el 1 de febrero de 2000 al 1 de enero de 2001. Planteó, además, que la alegación de que a otras empleadas *"se les concedió el aumento bajo circunstancias iguales a las de ellas"* carece de mérito pues aún de ser cierto, un error administrativo no confiere derecho alguno.

El 16 de agosto de 2002, las querellantes radicaron una moción en oposición, con el fundamento de que el descubrimiento de prueba no había concluido. Luego de trámites adicionales, la Directora Administrativa radicó una moción en la que informó que había respondido al interrogatorio que le sometieran las querellantes, y el 15 de octubre de 2002, las querellantes solicitaron un término de 30 días para analizar la información sometida y oponerse a la moción.

Las querellantes presentaron su oposición a la solicitud para que la querella se disponga sumariamente planteando que la Ley Núm. 410 excluyó de su aplicación a los empleados de la Rama Judicial y la Directora Administrativa le concedió el aumento a unos empleados y no a otros sin existir base racional que justifique la distinción. En un escrito posterior añaden que existen hechos en controversia que impiden resolver este caso de manera sumaria, a saber: el mecanismo administrativo para conceder el aumento a los empleados de la Rama

Judicial; cuándo y de qué manera la Oficina de Gerencia y Presupuesto consignó los fondos para la concesión de los aumentos; y qué ley autoriza a la Oficina de Gerencia y Presupuesto a consignar los fondos para la concesión de los aumentos.

El 3 de diciembre de 2002, la Directora Administrativa presentó una moción ante la Junta de Personal aclarando que, aunque la Ley Núm. 410 excluye a los empleados de la Rama Judicial, el Artículo V Sección 7 de la Constitución de Estado Libre Asociado y la Ley Núm. 11 de 24 de julio de 1952, 4 LPRA §331 y ss., le confieren potestad al Juez Presidente para dirigir la administración de los tribunales, nombrar un director administrativo y encomendarle la facultad de administrar la Rama Judicial, y en virtud de tal autoridad, ella le extendió los beneficios de la Ley Núm. 410 a los empleados administrativos de la Rama Judicial.

Finalmente, el 20 de mayo de 2003, la Junta de Personal dictó la resolución cuya revisión se solicita en la cual se confirma la determinación de la Directora Administrativa y se desestima la querella de las recurrentes. En su resolución, la Junta de Personal concluyó que la controversia planteada por las querellantes se reduce a determinar si ellas tienen derecho a recibir el aumento de $100 mensuales que se le concedió a otros empleados de la Rama Judicial, y los hechos esenciales sobre los que no existe controversia son los siguientes: la Ley Núm. 410 concedió un aumento salarial a los empleados públicos del Gobierno Central y excluyó de tal aumento a los empelados del Tribunal General de Justicia; conforme a lo señalado en la Carta Circular Núm. 23, la Oficina de Gerencia y Presupuesto consignó unos fondos para la Rama Judicial que la Directora Administrativa le concedió un aumento similar al concedido por la Ley 410 y con similares requisitos para su concesión a los empleados de la Rama Judicial; que las empleadas querellantes fueron ascendidas a ocupar puestos de Secretaria de Servicios de Sala efectivo el 16 de febrero de 2000, y no recibieron el aumento de $100 mensuales autorizado por la Directora Administrativa. Determinó, además, que el derecho vigente le confiere al Juez Presidente del Tribunal Supremo, y por su delegación a la Directora Administrativa de los Tribunales, la facultad de conceder aumentos salariales a sus empleados y de emitir normas para la concesión de esos aumentos; que el resto de las alegadas controversias de hechos esenciales no son tales. Concluyó que las empleadas, al ser ascendidas al puesto que ocupan, recibieron un aumento de salario en febrero de 2000 que tiene el efecto de impedir que se les conceda el aumento de $100 mensuales.

El 6 de junio de 2003, las querellantes Wanda Rosado, Zaida Collado, María M. Cruz Ramos y Vilma R. Correa de Jesús presentaron una moción de reconsideración de la resolución cuya revisión se solicita. Señalaron que no cuestionan la facultad del Juez Presidente para administrar los recursos de la Rama Judicial, pero plantearon que no procede dilucidar sumariamente la querella porque existe controversia de hechos sobre la autoridad legal de la Oficina de Gerencia y Presupuesto para consignar los fondos para los aumentos en cuestión, asunto *"imprescindible"*, pues *"sin ello desconocemos si las actuaciones de la querellada son o no contrarias a nuestro esquema constitucional de derecho y/o a la voluntad y propósito legislativo"*. Plantearon, además, que existe controversia en cuanto a si la Directora Administrativa ha concedido el aumento a personas que fueron nombradas con posterioridad a enero de 2001 al puesto de Secretarias de Servicios de Sala.

El 9 de junio de 2003, la Junta de Personal declaró sin lugar la moción de reconsideración. Inconformes con esta determinación, las recurrentes presentaron el recurso que nos ocupa, planteando esencialmente los dos argumentos que esgrimieron ante la Junta de Personal.

## II

La controversia en el caso de autos se reduce a determinar si las querellantes tienen derecho a recibir el aumento reclamado en la querella a base de las condiciones establecidas para su concesión y si tales condiciones son jurídicamente válidas. La pretensión de las querellantes de que se dilucide la legalidad de la actuación de la Oficina de Gerencia y Presupuesto al consignar los fondos, con el argumento de que se trata de un hecho esencial, carece de fundamento.

En primer término, la Sección VI del Reglamento de la Junta de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIV §VI, establece las facultades de la Junta de Personal y dispone:

*"La Junta tendrá facultad para investigar y revisar **las determinaciones tomadas por la autoridad nominadora** en aquellos casos de empleados, funcionarios o personas particulares afectados por dichas determinaciones. Podrá confirmar, revocar o modificar tales determinaciones de la autoridad nominadora.* 

*Las actuaciones de otras agencias gubernamentales, en particular, la autoridad de la OGP para consignar fondos y la forma en que los consigna no tienen nada que ver con la autoridad del Juez Presidente del Tribunal Supremo, o mediante delegación de éste, la Directora Administrativa, para conceder aumentos salariales, establecer las condiciones para otorgarlos y sus determinaciones relativas a si una empleada cumple tales condiciones. De esta forma, cualesquiera otros asuntos que no incidan sobre las determinaciones de la autoridad nominadora están fuera del ámbito de actuación de la Junta de Personal."*

En segundo término, las querellantes carecen de legitimación activa para cuestionar la actuación de la OGP si no alegan haber sufrido un daño claro y palpable como consecuencia de tal actuación. *Noriega v. Hernández Colón,* 135 DPR 406 (1994); *Hernández Torres v. Hernández Colón,* 131 DPR 593 (1992); *Hernández v. Hernández Colón,* 129 DPR 824 (1992). En el caso de autos, las recurrentes no alegan haber sufrido un daño claro y palpable como consecuencia de la actuación de la OGP al consignar fondos públicos para el uso de la Rama Judicial. El interés de las querellantes de que se dilucide la legalidad de las actuaciones de la OGP en la asignación de fondos públicos se limita a conocer si *"las actuaciones de la querellada son o no contrarias a nuestro esquema constitucional de derecho".* Tal interés es demasiado abstracto y generalizado, y no está relacionado con la reclamación de su derecho a un aumento de salario, por lo que resulta insuficiente para conceder a las querellantes legitimación para cuestionar la legalidad de las actuaciones de la OGP.

Por otra parte, las querellantes plantearon en su querella ante la Junta de Personal que los aumentos establecen un trato discriminatorio entre ellas y otras empleadas en el puesto de Secretaria de Servicios de Sala que fueron nombradas a ese puesto antes del 1ro de febrero de 2000 o después de enero de 2001. La Carta Circular Núm. 23 contiene las normas para la tramitación de las acciones de personal para implementar el aumento de sueldo, en armonía con la Constitución, la Ley y el Reglamento de Administración del Sistema de Personal de la Rama Judicial. El Art. V §7 de la Constitución del Estado Libre Asociado y la Ley Núm. 11 de 24 de julio de 1952, 4 LPRA §331 y sig., establecen que el Juez Presidente dirigirá la administración de los Tribunales y nombrará un director administrativo, a quien éste puede delegarle la facultad de Administrar la Rama Judicial. La Ley 64 de 31 de mayo de 1973 faculta al Tribunal Supremo a adoptar el Reglamento de la Administración de Sistemas de Personal de la Rama Judicial y éste faculta al Juez Presidente a conceder aumentos en la retribución de los empleados con arreglo a los recursos fiscales disponibles.

Es norma reiterada que las distinciones de este tipo por parte de las entidades gubernamentales no se consideran arbitrarias o discriminatorias si existe un criterio racional que las justifique. Véase *Defendini Collazo v. E.L.A.,* 134 DPR 28 (1993); *Coca-Cola Bottling Co. v. Srio. de Hacienda,* 112 DPR 707 (1982); *Wackenhut Corp. v. Rodríguez Aponte,* 100 DPR 518 (1972). En el caso de autos, el criterio que utilizó la Directora Administrativa para otorgar el aumento fue distinguir entre los empleados que recibieron algún aumento en un período determinado anterior al mismo y los que no hubiesen recibido, concediéndole el aumento a los empleados que no habían recibido aumento durante ese período. Este es un criterio racional, ya que la Rama Judicial tiene un interés legítimo en proteger sus recursos económicos, que son limitados. El hecho de que los empleados que reciben ese aumento sean posteriormente ascendidos o reciban aumento por otros motivos, tampoco constituye de por sí un trato discriminatorio. Nada impide que las recurrentes, al igual que los demás empleados, reciban algún tipo de aumento en el futuro. El hecho de que otros empelados reciban aumentos en el futuro, no puede constituir base para una alegación de discriminación.

Por los fundamentos antes expresados, se deniega el auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau<br>
Secretaria General

### ESCOLIOS 2004 DTA 72

**1.** Se trató de dos querellas separadas que posteriormente fueron consolidadas. Las querellantes Ilia G. Córdova Nieves y María Rivera Rivera no firmaron la querella, por lo que el 24 de junio de 2002, la Junta de Personal desestimó sus reclamaciones. La querellante Norma Roche Rabel no comparece en el recurso que nos ocupa.

**2.** *Autoridad Nominadora.* El Juez Presidente del Tribunal Supremo de Puerto Rico o la persona en quien éste delegue, en todo lo que no sea incompatible con la disposición constitucional sobre los nombramientos de los jueces y de la facultad nominadora que ostentan los Jueces Asociados del Tribunal Supremo y de éste en pleno sobre empleados del Servicio Central, y el Director Administrativo de los Tribunales. Reglamento de la Junta de Personal §II.